711 A.2d 1382

THE RAL SUPPLY GROUP, INC., A NEW YORK CORPORATION, PLAINTIFF, v. W & J SERVICES, INC., ET AL., A NEW JERSEY CORPORATION; GALE, WENTWORTH & DILLON, INC., A NEW JERSEY CORPORATION; JNC PLUMBING, HEATING & MECHANICAL, INC., A NEW JERSEY CORPORATION; JOSEPH N. COFONE, JR.; KEMSCO DEVELOPMENT COMPANY, INC., A NEW JERSEY CORPORATION; ZAK CONSTRUCTION, INC., A NEW JERSEY CORPORATION; MUNCY BUILDING ENTERPRISES, L.P., A DELAWARE LIMITED PARTNERSHIP; MUNCY BUILDING ENTERPRISES, INC., A DELAWARE COR-

PORATION; INSURANCE COMPANY OF NORTH AMERICA, A PENNSYLVANIA CORPORATION; LIBERTY MUTUAL INSURANCE COMPANY, A MASSACHUSETTS CORPORATION; NEW JERSEY HOUSING AND MORTGAGE FINANCE AGENCY; HOUSING AUTHORITY OF THE CITY OF NEWARK, DEFENDANTS.

Superior Court of New Jersey
Law Division
Essex County

Decided July 3, 1997.

*David N. Buda,* for plaintiff.

*Peter J. Torcicollo,* for defendants Insurance Company of North America and Liberty Mutual Insurance (*Crummy, Del Deo, Dolan, Griffinger & Vecchione*).

KIRSTEN, J.S.C.

The defendant Insurance Company of North America (INA), which issued a Payment and Performance Bond on the project involved herein, moved for summary judgment on the ground that plaintiff's claim against it as the issuer of the surety bond was barred by *N.J.S.A.* 2A:44–145, a provision of the *Public Bond Act.* Plaintiff argues that the Public Bond Act does not apply, because the project here involved is a private project and not subject to the terms of the *Public Bond Act.*

This matter arises out of a construction project (the Project) which involves the construction of 194 low and moderate income housing units in the City of Newark. The Project was built by Zak Construction, Inc. (Zak) and Kemsco Development Co., Inc., who formed a partnership known as Kemsco Development/Zak Construction (Kemsco/Zak), which was the owner of the project during construction. Defendant Gale, Wentworth & Dillon, Inc. (hereinafter GWD) was employed by Kemsco/Zak as the primary contractor on the Project. The Project was a "turn-key project," under an arrangement with the City of Newark, the Newark Housing Authority (NHA) and the United States Department of Housing and Urban Development (HUD) by which land was transferred to Kemsco/Zak as part of an agreement referred to as the Construction Loan Agreement (the Loan Agreement) dated

January 20, 1994, for the construction of the Project which was ultimately to be transferred to NHA upon payment of the turn-key price. The Project was financed by HUD's turn-key program.

INA issued a Payment and Performance Bond (the Bond), No. KO–42–60–70–99–5, for the Project. It is undisputed that the bond was in the form set forth in the *Public Bond Act.*

As units were completed they were leased to the NHA pursuant to the lease agreement between Kemsco/Zak and the NHA dated December 30, 1993. On December 1, 1995, the NHA issued its final acceptance of the Project and title to the entire Project was transferred to the NHA in accordance with the agreement between the parties.

The plaintiff, The RAL Supply Group, Inc. (RAL), supplied plumbing materials and supplies to subcontractors on the Project. On June 9, 1995, RAL sent a letter to INA, ostensibly notifying INA of its claim on the Bond. On June 30, 1995, counsel for RAL sent a letter to INA demanding payment on RAL's bond claim. On December 20, 1995, almost six months after receipt of notice of the claim and 19 days after the final acceptance of the Project, INA sent a letter to plaintiff's counsel acknowledging receipt of its claim letter of June 30, 1995 and advising that INA was looking into the claim. No objections were asserted in the letter in respect to the fact that the claim was being asserted prematurely or that the claim was subject to the *Public Bond Act.* On December 29, 1995, 28 days after final acceptance and project closeout, plaintiff filed its complaint in this matter.

Defendant INA argues that the plaintiff's complaint in this action must be dismissed as having been commenced less than 80 days after acceptance of the building as required by the *Public Bond Act, N.J.S.A.* 2A:44–145, which provides as follows:

Any person to whom any money shall be due on account of having performed any labor or furnished any materials, provisions, provender or other supplies, or teams, fuels, oils, implements or machinery in, upon, for or about the construction, erection, alteration or repair of any public building or other public work or improvement, shall, at any time before the acceptance of such building, work or improvement by the duly authorized board or officer, or within 80 days thereafter,

furnish the sureties on the bond required by this article a statement of the amount due to him.

The plaintiff argues that the *Public Bond Act* does not apply, even though the form of bond used was that required by the Act (*N.J.S.A.* 2A:44-146), because this is a private project owned and constructed by private parties. The fact that this is a turn-key project whereby the Project was conveyed to the NHA upon completion, the plaintiff claims, does not change its character as a private project not subject to the *Public Bond Act.*

The current turn-key method is a program adopted by HUD to promote the development of housing projects by a program under which a local housing authority contracts for completed housing to be produced by the developer on his own land or on land on which he has an option, or on land which the authority may provide (obviously at a fair price) out of urban renewal property. Upon completion of construction and the "turning over of the keys" to the authority, payment for the project is made by the authority. *Lehigh Const. Co. v. Housing Auth. of City of Orange,* 56 *N.J.* 447, 450, 267 *A.*2d 41 (1970). The Supreme Court in *Lehigh Const. Co., supra,* recognized such a program as an effective way for the financing and developing of public housing projects-yet held that such projects were not subject to the competitive bidding provisions of *N.J.S.A.* 40:50-1. *See* 42 *U.S.C.A.* §§ 1401–1440.

■ Based upon the findings of the Supreme Court in the *Lehigh* case, it is my opinion that this is a public project. However, that does not end the inquiry since, as indicated in the *Lehigh* case, the mere fact that it is a public project does not resolve the issue that all provisions that apply to public construction projects necessarily apply to a turn-key project. It is therefore necessary to consider whether *N.J.S.A.* 2A:44-145 applies to this public project, which was built under the HUD turn-key arrangement.

In other contexts, the courts have applied public works provisions, such as the Public Bond Act, selectively. Compare *Newark Laborers' v. Commercial Union Ins. Co.,* 126 *N.J.Super.* 1, 312 *A.*2d 649 (App.Div.1973).

*N.J.S.A.* 2A:44-145 (section 44-145) requires that no action may be brought "until the expiration of 80 days after the acceptance of the building, work or improvement by the duly authorized board or officer." That phrase has been interpreted to mean when the entire project is completed not merely the work of any individual subcontractor or materialman. The statute makes improper an attempt to seek prematurely a judgment on a claim which may compromise the security of the public body. The surety is liable only to the principal amount of the bond, which is required only in the amount of the contract price. Therefore, a subcontractor or materialman may get an unfair advantage over other subcontractors and materialmen whose claims may mature later if he is permitted to file prematurely.

Research has not uncovered a reported case which involved the application of the *Public Bond Act, N.J.S.A.* 2A:44-145, to a turn-key project. It is my opinion that the Public *Bond Act* should not apply to turn-key projects. The fact that the project is being built for the ultimate use by a public agency and financed by HUD under its program for public financing does not create the problem addressed by section 44-145, which is designed to protect a public agency from premature suits that may disrupt and impede its ability to complete the project.

A turn-key is really a privately built project predestined by contract for public use. Although such a turn-key project has been considered a public project for other purposes, *see Lehigh Const. Co., supra,* it is not in my opinion subject to section 44-145 of the *Public Bond Act.* A statute must be construed liberally to effectuate the legislative intent. *Midlantic Nat. v. Peerless Ins.,* 253 *N.J.Super.* 137, 142-143, 601 *A.*2d 243 (App.Div., 1992). Where it is apparent that the drafters did not contemplate a specific situation, the statute must be construed consistent with the probable intent of the draftsman had he anticipated the situation at hand. *County of Essex v. Waldman,* 244 *N.J.Super.* 647, 656, 583 *A.*2d 384 (App.Div., 1990). The Supreme Court said in *State v. Spindel,* 24 *N.J.* 395, 402, 132 *A.*2d 291 (1957):

> There is no discernible reason of policy for abstract legalism in evaluating the legislative expression. The reason of the enactment prevails over the literal sense of terms.

It is clear that the Legislature did not contemplate a turn-key project in the enactment of section 44–145. The purpose of section 44–145 is completely inapplicable to a turn-key project, notwithstanding its public purpose. It is the manner of financing the construction which is the focus of the statute, not its ultimate user. There would be no change in substance if the project was privately built and thereafter sold to a public entity.

By reason of the foregoing, I find that *N.J.S.A.* 2A:44–145 is inapplicable to public projects financed and developed by the turn-key method pursuant to the HUD program.

By reason of my interpretation of section 44–145, I have not addressed the plaintiff's contention that the conduct of INA in response to notice of plaintiff's claim estopped it from raising the defense of the untimeliness of this action under *N.J.S.A.* 2A:44–145 on the grounds of equitable estoppel. *See Highway Trailer Co. v. Donna Motor Lines, Inc.,* 46 *N.J.* 442, 449, 217 *A.*2d 617 (1966).

Defendant INA's motion for summary judgment is denied.